# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DERRICK REED, et al.,
        Plaintiffs,

    v.                                   Case No. 08C0818

WAUKESHA ENGINES and
DRESSER, INC.,
        Defendant.

## DECISION AND ORDER

Plaintiffs bring this employment discrimination action under Title VII and 42 U.S.C. § 1981, alleging that defendant, their employer Dresser, Inc.,[1] a manufacturing company, discriminated against them based on their race (African American). Defendant now moves to dismiss some of plaintiffs' claims.[2] First, defendant asks me to dismiss the claims of plaintiffs Ali, Dainty and Langston on the ground that these claims must be arbitrated. Plaintiffs do not oppose this request. Thus I will dismiss Counts IV, VI and VIII of the amended complaint without prejudice. Defendant also asks me to dismiss the claims of plaintiffs Boyd, Davis and Roundtree under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction on the ground that the collective bargaining agreement ("CBA") to which as union members they are subject, requires them to pursue their claims through the grievance and arbitration procedures established by the CBA.

---

[1] Waukesha Engines is apparently a division of Dresser.

[2] Defendant also moves to substitute an affidavit; the motion is unopposed and I will grant it. Additionally, plaintiffs Boyd, Davis and Roundtree move for leave to file a sur-reply. Defendant opposes the motion, arguing that it raised no new arguments in its reply brief. I agree with defendant and will deny the motion.

Under Rule 12(b)(1), I must dismiss an action over which I lack subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon a federal court. See In re Chi., Rock Island & Pac. R.R. Co., 794 F.2d 1182, 1188 (7th Cir.1986). In reviewing a 12(b)(1) motion, I may look beyond the complaint and consider evidence submitted by the parties. See United Transp. Union v. Gateway W. Ry. Co., 78 F.3d 1208, 1210 (7th Cir. 1996), citing Bowyer v. United States Dep't of Air Force, 875 F.2d 632, 635 (7th Cir. 1989).

Defendant argues that in order to resolve the union plaintiffs' claims, I must interpret the CBA, and therefore, the claims are precluded by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, i.e., I lack power to decide them. I disagree. Defendant relies heavily on Brown v. Illinois Central Railroad Co., 254 F.3d 654 (7th Cir. 2001), which held that the Railway Labor Act ("RLA"), which mandates that certain types of claims be arbitrated before an arbitration board, precluded a federal court from entertaining a plaintiff's claim under the American with Disabilities Act. However, Brown does not govern the present case because unlike the RLA, § 301 of the LMRA does not mandate arbitration.

Nor does the arbitration provision in the CBA bar me from hearing plaintiffs' discrimination claim. In order for an arbitration provision in a CBA to require a plaintiff to arbitrate a discrimination claim brought under a federal statute, the provision must expressly provide that the statutory claim asserted is subject to arbitration. See Wright v. Universal Mar. Svc. Corp., 525 U.S. 70, 79-80 (1998). A general provision stating that grievances under the CBA must be arbitrated is insufficient to require arbitration of a discrimination claim brought under a federal statute.

2

Finally, even if I applied the analysis in Brown to the facts in this case as defendant suggests I do, defendant's preclusion argument would still fail. Defendant argues that to resolve plaintiffs' claims, I will have to interpret provisions of the CBA relating to such matters as training, overtime, wages and job vacancies. However, Brown held that a discrimination claim is precluded by the mandatory arbitration provision of the RLA only if interpretation of the CBA is dispositive of a plaintiff's claim. 254 F.3d at 668. The Brown Court expressly limited the scope of its holding, noting that where there is no dispute as to the meaning of the CBA's provisions or where a court's interpretation of the CBA is not dispositive, the RLA does not preclude a statutory discrimination claim. Id. Thus, the fact that provisions of a CBA are relevant to the resolution of a case is not enough to preclude a plaintiff's claims. Id. In the present case, defendant suggests only that interpretation of the CBA is relevant; it does not indicate that the meaning of the CBA is disputed or explain how an interpretation of the CBA could be dispositive. See Wright, 525 U.S. at 79 ("To be sure, respondents argue that Wright is not qualified for his position as the CBA requires, but even if that were true he would still prevail if the refusal to hire violated the ADA.").

**Therefore**,

**IT IS ORDERED** that defendant's motion to dismiss and compel arbitration of plaintiffs Ali, Dainty and Langston's claims (Counts IV, VI and VIII) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant's motion to substitute the affidavit of W. Chad Reed is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiffs' motion to file a sur-reply is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss Counts V, VII and IX of the first amended complaint for lack of subject matter jurisdiction is **DENIED**.

Dated at Milwaukee, Wisconsin this 23 day of July, 2009.

                                                    /s\
                                                    LYNN ADELMAN\
                                                    District Judge

4

Case 2:08-cv-00818-LA   Filed 07/23/09   Page 4 of 4   Document 29